Joseph E. Addiego III (CA SBN 169522)
Mary McNeill (CA SBN 261500)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:           joeaddiego@dwt.com
                    marymcneill@dwt.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CAROLYN E. MINER, TRUSTEE OF THE MILTON MINER FAMILY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, AND 1441**<br><br>**(Kern County Superior Court Case No. CV-16-100809)**<br><br>**Complaint Filed April 15, 2016** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes the above-captioned case, originally filed in the Superior Court of the State of California, County of Kern, Case No. CV-100809 (the "State Action"), to the United States District Court for the Eastern District of California, Fresno Division.[1]

---

[1] Chase preserves all Rule 12(h) objections. S*ee* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (*quoting Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally

1

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, AND 1441**

1. On or about April 13, 2016, Plaintiff Carolyn Miner filed a complaint in the Superior Court of California for Kern County ("Complaint"). A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**. Plaintiff's claims for relief are directed to Chase and Does 1-20.

2. Chase has not been properly served with Summons & Complaint.[2] This Notice of Removal is therefore timely filed within the time period set forth in 28 U.S.C. § 1446(b).

3. Chase is not aware of the existence or service of any "Doe" defendant. Because Doe defendants are nominal and have not been served, their consents to removal are not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. Cal. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action.") (citations omitted).

4. Removal jurisdiction is proper based on diversity of citizenship, as set forth below. 28 U.S.C. § 1332. Removal jurisdiction is also proper because of the federal question raised by the Complaint. 28 U.S.C. § 1331.

**VENUE**

5. Venue lies in the United States District Court in and for the Eastern District of California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), as said District Court is the federal judicial district embracing the Kern County Superior Court, where the suit was originally filed, 28 U.S.C. § 128(b). Plaintiff also alleges she was injured in this district.

---

conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

[2] On April 13, 2016, Plaintiff sent Chase a copy of the Summons & Complaint by mail, accompanied by a Notice and Acknowledgement of Receipt – Civil form already completed and executed by the same person who executed the Proof of Service of Summons on Plaintiff's behalf. See Exhibit A.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, AND 1441**

## INTRADISTRICT ASSIGNMENT

6. Because the suit was originally filed in Kern County Superior Court, Fresno is the proper division for the matter pursuant to the United States District Court, Eastern District of California Civil Local Rule 120(d).

## FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

7. This Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between a citizen of California and foreign business entities.

8. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action founded on a claim or right arising under the laws of the United States. This action is removable without regard to the citizenship or residence of the parties.

9. The amount in controversy exceeds $75,000.00 because Plaintiff's Complaint seeks clean title to real property located at 22101 Old Town Road, Tehachapi, CA 93561 (the "Property"), in addition to money damages in the amount of $50,000. The Ninth Circuit recognizes that in an action for quiet title, the amount in controversy is measured by the entire value of the real property at issue. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding that the amount in controversy in an action to enjoin a foreclosure sale is value of the real property at issue); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, *4-5 (N.D. Cal. 2010) (finding amount-in-controversy requirement met where plaintiffs sought injunctive relief preventing bank from foreclosing and the value of property exceeded $75,000). According to the Kern County Assessor's Office, the current tax assessed value of the Property is $ 1,456,255.[3] The

---

[3] The tax assessed value of the Property is available from the Kern County Assessor at: http://assessor.co.kern.ca.us/propertysearch/propertydetails.php?srctext=270020217&srctype=apn. A copy of the assessment is also attached hereto as **Exhibit B**.

jurisdictional amount in controversy requirement is therefore satisfied.

10. Plaintiff is a California resident. (Complaint at 1.)

11. For purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1348, a national banking association is a citizen of the state in which its main office, as identified in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (rejecting argument that national banking association is a citizen of every state in which it operates).

12. Chase is a national banking association, organized under the laws of the United States, with its main office in Columbus, Ohio. (*See* **Exhibit C**, *available at* https://www5.fdic.gov/idasp/confirmation_outside.asp?inCert1=628.)

**FEDERAL JURISDICTION UNDER 28 U.S.C. § 1331**

13. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges a claim under arising under the laws of the United States. In particular, Plaintiff's first cause of action is for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

14. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action founded on a claim or right arising under the laws of the United States. This action is removable without regard to the citizenship or residence of the parties.

15. The state law claims asserted by Plaintiff in her Complaint relate to and arise from the same nucleus of operative facts as the federal question. The state law claims do not raise novel or complex state law issues and do not substantially predominate over the federal question. Accordingly, pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction to hear and decide all claims asserted by Plaintiff in the Complaint.

**MISCELLANEOUS**

16. Chase will promptly file a copy of this Notice of Removal with the Clerk of the Kern County Superior Court of the State of California.

17. The process, pleadings, or orders received or served by Chase, or otherwise found in the State Action court file and available to Chase at the time of this removal consists of the Complaint and summons, a true and correct copy of which are attached hereto as **Exhibit A**, and Plaintiff's Ex Parte Application for Temporary Restraining Order, Supporting Declaration of

Carolyn E. Miner, supporting Memorandum of Points and Authorities, Declaration – Notice Upon Ex Parte Application, and the Court's Minute Order continuing the hearing on the Ex Parte Application, true and correct copies of which are attached hereto as **Exhibit D**.

18. Chase has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

19. Written notice of the filing of this Notice of Removal and the removal of the state court action is being served on Plaintiff.

20. The removal of this action terminates all potential proceedings in Kern County Superior Court. *See* 28 U.S.C. § 1446(d).

21. Based on the foregoing, Chase hereby removes this action from the Kern County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided for by law.

DATED   May 3, 2016

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego, III
Mary McNeill

By: */s/ Joseph E. Addiego*
    Joseph E. Addiego

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.