**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLYN E. MINER, TRUSTEE OF THE MILTONMINER FAMILY TRUST,<br><br>Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant | CASE NO. 1:16-CV-0626 AWI JLT<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

**I. Background**

Plaintiff is a resident at 22101 Old Town Road, Tehachapi, CA. Defendant foreclosed on the property and instituted an unlawful detainer action against Plaintiff in state court. Plaintiff filed a quiet title action in the Superior Court, County of Kern to vindicate her claim to the property. On May 3, 2016, Defendant removed the case to the Eastern District of California based on diversity jurisdiction. While the case was in Superior Court, Plaintiff filed a motion for a temporary restraining/preliminary injunction order, seeking to enjoin Defendant from ejecting Plaintiff from the property. A hearing on the motion had been scheduled for May 4, 2016. This case was removed to federal court with the motion pending.

**II. Legal Standards**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co.,

887 F.Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "We evaluate these factors via a 'sliding scale approach,' such that '"serious questions going to the merits" and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" Arc of Cal. v. Douglas, 757 F.3d 975, 983 (9th Cir. 2014), quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 and 1135 (9th Cir. 2011). "Injunctive relief...must be tailored to remedy the specific harm alleged." Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

### III. Discussion

Ordinarily, a party must comply with Local Rule 231 in filing a motion for a temporary restraining order or preliminary injunction. However, as the motion was filed while the case was in state court, those procedural requirements are waived in this instance.

The first consideration under the Winter standard is the likelihood of success on the merits. Unfortunately, the complaint and motion provide almost no detail about the nature of the dispute between the parties. The entirety of the complaint is the standard California form PLD-C-001 with no narrative explanation. Doc. 1-1, at 3-4. In briefing for the motion, Plaintiff states that

> The injury and violations began with the Defendant filing purported Notices of Default into the County Recorders office, and allegedly conducting a Foreclosure sale and subsequently recording a purported Trustees Deed upon Sale. Then attempting to gain possession via a complaint for Unlawful Detainer. This instant case was filed to set the record straight and protect Plaintiffs claim and ownership of the subject premises commonly known as 22101 Old Town Road, Tehachapi, California. As Defendant had no standing or authority to Record Notices of Default, nor conduct a sale, nor bring an action for Unlawful Detainer, as Defendant was not the owner nor has even been an owner of the subject premises. All actions taken thus far were under Color of Authority and a commonly used scheme to defraud the Court and innocent homeowners, throughout the United States. The evidence of this pattern of Criminal actions by this defendant was brought to light by the Official investigation by the Office of the Comptroller of the

>Currency, in which they found that the very actions attested to in my Verified complaint were the same pattern of actions the Comptroller of the Currency had discovered in its investigation of JP Morgan Chase Bank, N.A. and its activities in relation to foreclosures.

Doc. 1-4, at 7-8.  There are no attachments or exhibits that substantiate either party's relationship to the property at issue.  There is no history of the ownership and interests in the property.  In this case, Plaintiff has presented nothing that demonstrates the merits of her claim.  Under the sliding scale approach used within the Ninth Circuit, a motion for preliminary injunctive relief must be denied if a moving party fails to show at minimum "some chance on the merits."  <u>Developmental Servs. Network v. Douglas</u>, 666 F.3d 540, 544 (9th Cir. 2012).  Based on the record available, the motion must be denied at this time.

## IV. Order

Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated:   May 6, 2016                           _____
                                               SENIOR  DISTRICT  JUDGE

3