# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN E. MINER, TRUSTEE OF THE MILTONMINER FAMILY TRUST,<br><br>Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant | CASE NO. 1:16-CV-0626 AWI JLT<br><br>ORDER RE: MOTION FOR RECONSIDERATION<br><br><br>(Doc. 26) |

Plaintiff filed a Fed. Rule Civ. Proc 41(a)(1)(A)(i) notice of voluntary dismissal without prejudice. Doc. 24. The court reviewed the filing and found it was a valid Rule 41(a)(1)(A)(i) dismissal, ordering that

> Accordingly, IT IS HEREBY ORDERED that:
> 
> Defendant's Rule 12(b)(6) motion to dismiss (Doc. 18) is DENIED as moot.
> 
> The Clerk of the Court shall close this case in light of Plaintiff's Rule 41(a)(1) voluntary dismissal.

Doc. 25, 2:3-6. In interpreting the effect of a voluntary dismissal, Rule 41 states that "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. Proc. 41(a)(1)(B). As part of the analysis confirming that the notice qualified as a Rule 41(a)(1)(A)(i) dismissal and did not require court approval under Rule 41(a)(2), the court erroneously stated that as Plaintiff had not previously dismissed a prior action based on the same claim and thus "it appears that the dismissal is properly without prejudice." Doc. 25, 2:1. Defendant points out that Plaintiff has previously dismissed similar claims in the past and has filed a motion for reconsideration asking

for an affirmative order dismissing Plaintiff's claims with prejudice. Doc. 26, 1:4-8.

As stated in the prior order, a Rule 41(a)(1)(A)(i) dismissal is self-executing and does not require any separate action from the court. It is instantly effective upon filing of the notice by a plaintiff. The purpose of the order issued was to close the case and resolve the pending motion to dismiss. The Ninth Circuit has definitively stated that

> once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice
> ….
> the district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed. Therefore, the district court has no power to place a condition on a Rule 41(a)(1) dismissal at the defendant's request. This would conflate Rule 41(a)(1) dismissals with Rule 41(a)(2) dismissals, contrary to their different language and purpose. By the same token, the label a plaintiff attaches to a second Rule 41(a)(1) dismissal is irrelevant if a subsequent action is filed 'based on or including the same claim,' because Rule 41(a)(1) itself instructs that such a dismissal 'operates as an adjudication upon the merits.' See Fed.R.Civ.P. 41(a)(1).

Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 and 1080 (9th Cir. 1999). The record in this case can be clarified to reflect that Plaintiff appears to have had dismissed similar claims against Defendant in the past but the relief requested is not available in this forum. The determination of whether Rule 41(a)(1)(B) applies to render the dismissal an adjudication on the merits is more properly the province of a later court if Plaintiff decides to file suit against Defendant again. See 9 Wright and Miller, Federal Practice and Procedure § 2368 (2nd ed. 1995) ("When a second dismissal is by notice under Rule 41(a), it is, by operation of the terms of the rule, an adjudication on the merits; thus, it is with prejudice even though the notice states that the dismissal is without prejudice").

Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   January 17, 2017                    _____
                                                                SENIOR DISTRICT JUDGE

2